ELLIS, Judge:
This is an expropriation suit, under the quick taking statute, R.S. 48:441 et seq., in which the State took a parcel of ground containing .521 acres from defendant Den-ham Springs Development Co., Inc. At the trial, the value of the land and improvements taken was stipulated to be $35,936.00, leaving the severance damages to the remainder as the only issue to be decided. After trial on the merits, the severance damages were fixed at $64,220.97, and judgment rendered accordingly. From that judgment, the State has appealed.
The original tract of ground was approximately rectangular in shape and contained 5.193 acres of ground. It was bounded on the North by Rodeo Street, on the East by Eugene Street, and on the West by Range Avenue. U. S. Highway 190 cut across the Northwest corner of the tract at the intersection of Rodeo and Range, and the property had a frontage of 55.34 feet on the highway.
Prior to the taking, Range Avenue was a two lane, blacktop street. The purpose of the taking was to widen Range to a four lane thoroughfare running from Highway 190 to Interstate 12, about one and one half miles to the South of Highway 190. The parcel taken was a strip of land along the entire West side of the property approximately 40 feet in width, containing .521 acres.
Both before and after the taking, the property was used as a shopping center, *283 composed of a Food Town Store and a T. G. & Y. store, the building having a floor area of about 64,500 square feet. Before the taking, the parking lot contained 265 parking spaces. As a result of the taking, 42 parking spaces were lost, leaving space for 223 automobiles.
The two expert witnesses who testified for the State used the market data approach. One found the value of the remainder before the taking to be $35,000.00 per acre, and $40,000.00 per acre after. The other found the remainder to be worth $39,000.00 per acre both before and after. Neither of them found any severance damages due. Both were of the opinion that the parking spaces remaining were more than adequate to service the shopping center. They also pointed out that the traffic count on Range Avenue had increased by about 50% between the time of the taking, June 16, 1969, and April, 1971.
Kermit Williams, wlio testified for defendant, used a market data approach in arriving at a “before” value of the property of $684,549.00. He was of the opinion that the remainder suffered a diminution of value of 10% as a result of the taking, basing his conclusion on the fact that about 10% of the property was taken, causing a loss in parking area, and on his experience as an appraiser. He did not arrive at an “after” value of the remainder.
W. D. McCants, Jr. also testified for the defendant, and found severance damages of $89,480.00. He based his opinion on the premise that for every square foot of building area in a shopping center there should be three square feet of parking area. He reasoned that the taking of 22,698.6 feet had reduced the building potential of the remainder, causing a loss in prospective revenue from rentals, when additional buildings might be constructed. He figured this loss over a ten year period to be $89,480.00, and fixed this figure as severance damages.
The trial judge adopted Mr. McCants’ estimate, which he discounted to a present day value of $64,220.97, which amount he awarded as severance damages. He awarded seven percent interest in the judgment. The State complains of the judgment in both the latter respects, claiming that no severance damages should have been awarded, and that interest in the judgment should only have been at the rate of five percent.
It is an established principle that severance damage is the difference between the market value of the remainder immediately before and immediately after the taking. State, Department of Highways v. Mason, 254 La. 1035, 229 So.2d 89 (1969); State, Through Department of Highways v. Hoyt, 284 So.2d 763 (La., 1973). Generally, the market data approach is regarded as being the soundest method of making this determination. Losses of rents or other revenues, or the cost to cure various physical damages caused by the taking may be relevant only as they may indicate a dimunition in value of the remainder, but can form the basis of an award only in unusual cases. State, Department of Highways v. Mason, supra.
Therefore, Mr. McCants’ testimony, which is based entirely on speculative factors, should not have been considered by the trial judge.
As to the other appraisers, we note that Mr. Williams failed to arrive at an “after” value for the remainder, preferring to rely on his own expertise in estimating a percentage of loss in value. The testimony of the two experts for the State is more in accordance with accepted appraisal practices, and, we believe, based on sounder reasons. .
In view of the fact that the defendant bears the burden of proving his severance damages, we think the record in this case falls short of establishing any severance damages whatsoever. However, since the State admitted in its initial estimate of just compensation that $1,700.00 was due *284 as damages, we think an award in that amount would be proper.
The judgment appealed from is therefore amended so as to reduce the amount of severance damages from $64,220.97 to $1,700.00 and as amended, it is affirmed. Since that amount was deposited by the State and has been withdrawn by the defendant, no interest is due by the State, and that question has become moot. All costs of this appeal shall be borne by defendant, and such other costs as it may be legally liable to pay shall be borne by the State.
Amended and affirmed.